UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:21-cr-30017 SPM |
| | ) |
| DEMOND L. GARY, | ) |
| | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

COMES NOW Defendant, Demond Gary (Gary), by and through counsel, and files the following memorandum in support of a 43-month sentence. Four considerations support this sentence.

### I.      The Nature and Circumstances of the Offense

On or about October 13, 2020, Gary possessed a firearm, despite his status as previously convicted felon. *See* Indictment [Doc. Text #1]. Gary did not use the firearm, brandish it, or threaten another with its use. *See* Presentence Investigation Report (PSR) at ¶¶ 10-19.[1] In fact, he simply kept it in his home. *See id*. The offense was thus non-violent, non-threatening, and unconnected to any other criminal activity. In addition, though unlawful, Gary did not possess the firearm without reason. Three weeks earlier, Gary's brother Merced was shot and killed in the Southern District of Illinois. *See id*. at ¶ 76. The murder resulted from an alleged feud among individuals who knew one another and knew Gary. Gary took possession of the firearm within a week of his brother's death and possessed it for self-protection only. Gary's history supports this

---

[1] The PSR references "suspected cocaine" and "a crystal substance [found] inside a kitchen cabinet." PSR at ¶¶ 11, 19. It is unclear if the government ever submitted either substance for testing. But either way, Gary denies they were controlled substances.

proposition. Indeed, his history is devoid of firearms related convictions or charges prior to his brother's death. *See id.* at ¶¶ 38-56.

On February 2, 2021, Gary possessed a second firearm in his home. *See id.* at ¶ 15. A third-party purchased the firearm on Gary's behalf about two months after Gary's October 13 offense. *See id.* at ¶ 17. Gary possessed the firearm for the same reason that he possessed the first firearm. And, like the October 13 offense, his possession of the firearm was both non-violent and animated by personal safety concerns.

## II.    Gary's Criminal History Calculation

Gary's criminal history category is V, *see id.* at ¶ 50, and his advisory Guidelines range is 46 to 57 months. *See id.* at ¶ 107. The parties anticipated a criminal history category of IV and an advisory Guidelines range of 37 to 46 months. *See* Plea Agreement at 5. One prior conviction and sentence upset the parties' expectations:  a one-point misdemeanor assault from 12 years ago for which Gary was fined on an *ex parte* guilty plea. *See* PSR at ¶ 44. The Pretrial Services Report listed the offense as dismissed. *See* Pretrial Services Report at 4. More importantly, the offense occurred on the same day and at the same time as another one-point event, a marijuana misdemeanor offense for which Gary was also fined. *See* PSR at ¶¶ 43. No arrest separated these two events. *See id.* at ¶¶ 43-44. Yet, for reasons unknown, they were charged in separate cases and led to sentencings on different days. *See id.* Had the offenses been charged in a single charging instrument or sentenced on the same day, Gary would not have received a criminal history point for the fine imposed in connection with the assault. The fines imposed for the two offenses would have qualified as a single sentence, Gary would have received one-point for both sentences combined, *see* US.S.G. § 4A1.2(a)(2), and his Guideline outcome would have matched the outcome anticipated by the parties:  37 to 46 months. In short, a quirk in the charge and

sentencing decisions of a 12-year-old one-point misdemeanor offense for which Gary received a fine adds 9 months to the low-end and 11 months to the high-end of his range. Absent this oddity, a 43 month-sentence would have fallen within his range and much closer to its high-end than its low-end.

### III.    Gary's Bond Performance

Over the objection of the Government, Gary was admitted to bail 15 months ago. *See* Doc. Text #17. Since then, he has performed well on release. In recognition of his bond performance, the court modified Gary's release conditions on three occasions. On April 28, 2021, the magistrate court replaced the condition of home incarceration with a condition of home detention. *See* Doc. Text #28. Less than three months later, this Court replaced the condition of home detention with a curfew, *see* Doc. Text # 36, and, on September 30, 2021, this Court extended the curfew to give Gary more evening hours. *See* Doc. Text #44. Courts expect defendants placed on supervision to comply with their conditions. But not all defendants do, and, in past cases, Gary himself has not always done so. *See, e.g.*, PSR at ¶¶ 38, 42, 48. Gary's successive modifications over the course of 15 months and positive performance on bond reveal the seriousness with which he has taken supervision in this case, and, more significantly, his genuine wish to set his life right.

### IV.    United States Sentencing Commission Data

In 2021, more than one-third of all § 922(g) defendants received a downward variance with an average sentence reduction of 36.7 percent. *See* United States Sentencing Commission, Quick Facts – Felon in Possession of a Firearm – Fiscal Year at 2, 2020 (May 2021). Here, a 43-month sentence represents an approximate six percent reduction from the 46-month low-end of Gary's range. This outcome falls far below the national average downward variance rate for

offenders convicted of the same offense and is justified by the facts.

## V.    The Government's Sentencing Recommendation

Based on its own review of the factors it deems important, the Government agrees that a

43-month sentence is reasonable.

## IV.    Conclusion

In the aggregate, the considerations above justify a modest three-month downward

variance from 46 months to 43 months.

Respectfully submitted,

By:    /s/ ADAM D. FEIN

Adam D. Fein
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332
afein@rsflawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, the foregoing was electronically filed with the
Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms.
Alexandria Burns, Assistant United States Attorney.

4